## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOG EXPLORATION OFFSHORE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-667** |
| **SAMSON CONTOUR ENERGY E&P, LLC ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is the Motion to Compel Arbitration and to Dismiss (Doc. 15) from Defendants Samson Contour Energy E&P, LLC; Samson Resources II, LLC; and Samson Resources Company, LLC. For the following reasons, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out of a contract dispute. On November 15, 2007, Plaintiff LLOG Exploration Offshore, Inc. ("LLOG") and Defendant Samson Contour Energy E&P, LLC ("Samson Contour") entered into a Purchase and Sale Agreement ("PSA"). Under the PSA, Samson Contour acquired from LLOG four oil and gas leases of land located on the Outer Continental Shelf in the Gulf of Mexico off Louisiana's coast. LLOG alleges that by the terms of the PSA, Samson Contour also agreed to assume all costs and liabilities associated

1

with plugging, abandoning, and decommissioning certain wells and other structures on the four leases.

In 2010, Samson Contour assigned the leases to Dynamic Offshore Resources, LLC, a corporate predecessor in interest to Fieldwood Energy Offshore, LLC ("Fieldwood"). In 2020, Fieldwood filed for Chapter 11 bankruptcy and indicated its intent to abandon the leases and have prior lessees perform any necessary plugging, abandoning, and decommissioning activities. The bankruptcy court confirmed Fieldwood's plan, including the abandonment of the leases.

In March of 2022, the United States Department of the Interior's Bureau of Safety and Environmental Enforcement ("BSEE") issued orders to Samson Contour and LLOG to decommission the wells associated with the four leases within one year and the platforms and pipelines by October 31, 2023. BSEE also commanded the organizations to identify which one would begin immediate maintenance and monitoring of the wells and facilities in the meantime.

In response to these orders, LLOG sent a letter to Samson Contour demanding it begin performing the maintenance and monitoring and notify BSEE of as much. Samson Contour allegedly failed to respond to this letter or comply with BSEE's orders. On March 15, 2022, LLOG initiated this action for breach of contract and declaratory judgment against Samson Contour and two alleged alter egos of same, namely, Samson Resources, II, LLC and Samson Resources Company, LLC.

Now before the Court is Defendants' Motion to Compel Arbitration and to Dismiss. LLOG agrees that the parties must submit to arbitration but opposes dismissal, preferring a stay of this matter.

## LEGAL STANDARD

The question of arbitrability is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2] The Court must first determine whether the parties agreed to arbitrate the dispute.[3] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4] Both inquiries are generally guided by ordinary principles of state contract law.[5] The strong federal policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply "when determining whether a valid agreement exists."[6] If the Court finds the parties agreed to

---

[1] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[2] JP Morgan Chase & Co. v. Conegie *ex rel.* Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[3] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).
[4] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[5] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).
[6] *Sherer*, 548 F.3d at 381.

arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitrable.[7]

## LAW AND ANALYSIS

The parties agree that the PSA contains a valid agreement to arbitrate and that the dispute in question falls within the scope of that agreement.[8] They further agree that no federal statute or policy renders LLOG's claims non-arbitrable.[9] Thus, the only issue before the Court is whether to dismiss the action, as Defendants ask, or to stay it, as LLOG wishes. The FAA provides that "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[10] While this provision clearly contemplates a stay, in *Alford v. Dean Witter Reynolds, Inc.*, the Fifth Circuit clarified that "[t]his rule, however, was not intended to limit dismissal of a case in the proper circumstances."[11] "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."[12]

Citing *Alford*, Defendants argue that because all issues in the instant case must be submitted to arbitration, dismissal is appropriate.[13] *Alford*,

---

[7] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).
[8] *See* Doc. 16 at 5, 7–8.
[9] *See id.* at 7–8.
[10] 9 U.S.C. § 3.
[11] 975 F.2d 1161, 1164 (5th Cir. 1992).
[12] *Id.*
[13] *See* Doc. 15-2 at 8.

however, does not support the proposition that dismissal is required when all issues are bound for arbitration. In fact, the Fifth Circuit has since explained that "*Alford* held merely that dismissal was not an abuse of discretion," not that "dismissal was required under the circumstances."[14] District courts have discretion to dismiss or stay a case in favor of arbitration.[15]

Whereas Defendants have provided no reason for this Court to exercise its discretion in favor of dismissal, LLOG provides multiple reasons to stay the case. The parties' arbitration clause envisions a judge of this Court selecting one of the arbitrators under certain circumstances.[16] In the event such circumstances come to pass, a stay has the advantage over a dismissal of avoiding the time and expense of opening a new case to petition the Court for its selection. Additionally, as LLOG points out, a stay allows the Court to reopen and restore this case to its trial docket upon a motion from any party should circumstances change, such as the arbitrators deeming a claim or party non-arbitrable.[17] Accordingly, this Court grants Defendants' Motion insofar as it seeks to compel arbitration but denies the request for dismissal.

---

[14] Apache Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 311 n.9 (5th Cir. 2003).

[15] *See* Fedmet Corp. v. M/V Buyalyk, 194 F.3d 674, 676 (5th Cir. 1999) (holding that "district courts have discretion to dismiss cases in favor of arbitration," but not implying any obligation to do so); Priebe v. Advanced Structural Techs., Inc., CIVIL ACTION NO. 21-12474, 2021 WL 4893614, at *3 (E.D. La. Oct. 20, 2021); Hanberry v. First Premier Bank, CIVIL ACTION NO. 19-10235, 2019 WL 4415267, at *7 (E.D. La. Sept. 16, 2019).

[16] *See* Doc. 15-1 at 45.

[17] *See, e.g.*, Murray v. Waitr Holdings Inc., CIVIL ACTION NO. 19-cv-01143, 2019 WL 7944814, at *6 (W.D. La. Nov. 14, 2019).

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. **IT IS ORDERED** that the parties engage in arbitration in the manner prescribed by the PSA.

**IT IS FURTHER ORDERED** that this case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration of the claims asserted herein.

**IT IS FURTHER ORDERED** that the oral argument scheduled for July 21, 2022 is **CANCELED**.

New Orleans, Louisiana this 15th day of July, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6